[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 2, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14803
Non-Argument Calendar

_____

D. C. Docket No. 05-00500-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TONEY MONTAGUE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(May 2, 2007)**

Before DUBINA, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Toney Montague appeals his 46-month sentence imposed after his

plea of guilty to attempted bank robbery by force, violence, or intimidation in violation of 18 U.S.C. § 2113(a). Montague's sentence is at the low end of his Guidelines sentencing range of 46 to 57 months imprisonment.

On appeal, Montague argues that the district court erred by (1) failing to adequately consider all of the relevant factors under 18 U.S.C. § 3553(a) in imposing a sentence that is greater than necessary under the circumstances, and (2) failing to specifically address each of the factors raised by Montague at sentencing. Montague argues that therefore his sentence is unreasonable and "meaningful appellate review" is not possible.

We review a final sentence for reasonableness, in light of the § 3553(a) factors. *United States v. Bohannon*, 476 F.3d 1246, 1248 (11th Cir. 2007). Furthermore, "[t]he district court need not state on the record that it has explicitly considered each factor and need not discuss each factor. Rather, an acknowledgment by the district court that it has considered the defendant's arguments and the § 3553(a) factors will suffice." *Id.*

Here, the record demonstrates that the district court heard all of Montague's arguments and stated that it considered all of the § 3553(a) factors. In addition, the district court recommended other correctional treatment and stated that it considered the specific factors of punishment, deterrence, and incapacitation. *See*

2

18 U.S.C. § 3553(a)(2)(A)-(D). The record conclusively shows that the district court properly considered the advisory Guidelines and the 18 U.S.C. § 3553(a) factors in imposing the final sentence. Therefore, Montague's 46-month sentence, at the low end of the advisory Guidelines range, was reasonable. Accordingly, we affirm Montague's sentence.

**AFFIRMED.**